USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/9/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TONIETTA MOFFET,

       Plaintiff,

- against -

ANTI-DEFAMATION LEAGUE,

       Defendant.

**OPINION AND ORDER**

11 Civ. 3900 (JGK) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Plaintiff Tonietta Moffet ("Moffet") brings this action against Defendant Anti-Defamation League ("ADL") for employment discrimination on account of Moffet's race, ethnicity, and non-membership in the Jewish religion pursuant to 42 U.S.C. § 1981 et seq. and the New York Human Rights Law. Moffet also seeks to recover unpaid overtime pursuant to the Fair Labor Standards Act. Before the Court is Moffet's Federal Rule of Civil Procedure 37(a) motion to compel ADL to provide information relating to employee salary, race, and religion throughout the national organization and its New York office. For the reasons that follow, Moffet's motion is **DENIED**.

## II. DISCUSSION

The Court held a telephone conference on September 19, 2012. After hearing arguments, the Court ruled that (1) Moffet was not entitled to discovery outside the ADL New York office, and (2) that ADL must provide an affidavit in accordance with Rule 36(b) attesting to ADL's knowledge of its employees' religion. Moffet filed the instant motion to compel on September 28, 2012, to address the same issues that had been raised during the September 19th telephone conference. Reply Mem. of Law in Supp. Of Pl.'s Mot. to Compel ("Reply Mem.") 4. Moffet

referenced the September 19th conference in her reply but only after ADL mentioned it in its response. *See* Reply Mem. 4; *see generally* Mem. of Law in Supp. of Mot. to Compel. Moffet argues that the decisions rendered during the telephone conference do not preclude her from filing a formal motion. *Id.* (citing *Kamps v. Fried, Frank, Harris, Shriver & Jacobson, LLP*, 2010 WL 5158183 (S.D.N.Y. 2010); *Avent v. Solaro*, 210 F.R.D. 91, 95 (S.D.N.Y. 2002)). The Court disagrees.

First, the language of Local Civil Rule 37.2 contradicts Moffet's assertions. The plain language of the rule states that motions pursuant to Rule 37 shall not be heard "unless counsel for the moving party has first requested an informal conference with the Court . . . and such request has either been denied or the discovery dispute has not been resolved as a consequence of such conference." Local Rule 37.2. Moffet concedes in her reply that the Court denied her request for organization-wide discovery because the evidence presented to support such discovery was insufficient and merely speculative. While the Court did indicate that Moffet could renew her motion if credible evidence were developed during discovery to support her request, the current motion contains no additional evidence justifying the proposed discovery.

Second, the cases cited by Moffet do not support her position. As a threshold matter, it is well-settled that oral rulings are binding. Fed. R. Civ. P. 72. Citing *Kamps v. Fried, Frank, Harris, Shriver & Jacobson, LLP*, 2010 WL 5158183 (S.D.N.Y. 2010), Moffet argues that despite the Court's decisions during the telephone conference, she is "not preclude[d] [ ] from filing a formal motion." Reply Mem. 4. Moffet's reliance on this case is misplaced. In *Kamps*, the plaintiff requested a pre-motion conference. The court did not decide the issues raised, but invited the parties to submit a formal motion to compel. *Kamps*, 2010 WL 5158183, *1. Similarly, Moffet's reliance on *Avent v. Solfaro*, 210 F.R.D. 91, 95 (S.D.N.Y. 2002), is not

2

appropriate. The court in *Avent* addressed a party's failure to "make a genuine effort to resolve [the discovery] dispute before resorting to a court's involvement." *Avent*, 210 F.R.D. at 95. In *Avent*, the plaintiff had requested materials pursuant to Rule 34, but had failed to discuss the issue with the defendant or the court, before filing a motion to compel. *Id.* The court denied the motion for failure to comply with federal and local rules. *Id.* Neither of these cases suggest that Local Rule 37.2 allows for relitigation of an issue after an oral decision by the Court. The motion to compel is **DENIED**.

**SO ORDERED this 9th day of November 2012**
**New York, New York**

The Honorable Ronald L. Ellis
United States Magistrate Judge